# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-CR-20559-ALTANOGA

**UNITED STATES OF AMERICA**

**vs.**

**JATAVIA SHAKARA JOHNSON,**

    **Defendant.**

_____/

## PROPOSED JURY INSTRUCTIONS

The United States of America, pursuant to Federal Rule of Criminal Procedure 30(a), submits the following proposed jury instructions and respectfully requests that they be given at trial. The United States also respectfully requests that the parties be allowed to propose such additional instructions as may become appropriate based upon the testimony and other evidence at trial, and that the Court inform the parties prior to closing arguments which instructions the Court will give.

Respectfully submitted,
BENJAMING G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:    _/s/Joshua S. Rothstein_____
Joshua S. Rothstein
Assistant United States Attorney
Court Id. No. A5502111
99 Northeast 4th Street, 6th floor
Miami, Florida 33132-2111
Tel: (305) 961-9208

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 20, 2017, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF.

*/s/Joshua S. Rothstein*

Joshua S. Rothstein
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-CR-20559-ALTANOGA**

**UNITED STATES OF AMERICA**

**vs.**

**JATAVIA SHAKARA JOHNSON,**

    **Defendant.**

_____ /

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**B2.1**
**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt.  The law presumes every defendant is innocent.  The Defendant does not have to prove her innocence or produce any evidence at all.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

**B2.2**
**The Duty to Follow Instructions and the Presumption of Innocence When a**
**Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt.  The law presumes every Defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There is no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

**B6.1**
**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**B6.3**
**Impeachment of Witnesses Because of Inconsistent Statements (Defendant with**
**No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**Uncalled Witnesses—Equally Available to Both Sides[1]**

There are people whose names you heard during the course of the trial but who did not testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.[2]

---

[1] The Government recommends this instruction be given only if the defense makes an argument at trial to which the instruction applies.

[2] See United States v. Esle, 743 F.2d 1465, 1477-78 (11th Cir. 1984) (overruled on other grounds); United States v. Barlatier, 238 F. App'x. 569, 570 (11th Cir. 2007) (approving almost identical language);  United States v. Vincent, 648 F.2d 1046, 1051 (5th Cir. 1981);  United States v. Chapman, 435 F.2d 1245, 1247 (5th Cir. 1971); United States v. Bahna, 68 F.3d 19, 21-22 (2d Cir. 1995). See also United States v. Maceira, Case No. 06-20218-CR-Seitz(s) (S.D. Fla. 2007); United States v. Fernandez, Case No. 06-20322-CR-Altonaga(s) (S.D. Fla. 2007).

**B8**
**Introduction to Offense Instructions**

The indictment charges 8 separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the Defendant knowingly, and with intent to defraud, used one or more unauthorized access devices, that is, a credit card account number issued to another person, during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period.  Counts 2-8 charge that the Defendant with aggravated identify theft, that is, knowingly transferred, possessed, and used, without lawful authority, the means of identification of another person.  I will explain the law governing those substantive offenses in a moment.

**Offense Instruction 41.2**
**Fraudulent Use of Unauthorized Credit Cards or Other Access Devices**
**18 U.S.C. § 1029(a)(2)**

It's a Federal crime to use unauthorized access devices, including ordinary credit cards, to obtain a thing or things of value totaling $1,000 or more in any 12-month period.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly used one or more unauthorized access devices;

(2) the Defendant, during a 12-month period, obtained a thing or things of value totaling $1,000 or more as a result of such use of unauthorized access devices;

(3) the Defendant acted with the intent to defraud or deceive; and

(4) the Defendant's conduct affected interstate or foreign commerce.

An "access device" is a credit card account number, or other means of account access that can be used alone or in conjunction with another access device, to get money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by a paper instrument).

An "unauthorized access device" is an access device that's lost, stolen, expired, canceled, revoked, or obtained with the intent to defraud.

To "use" includes any effort to obtain money, goods, services, or any other thing of value, or to initiate a transfer of funds with an unauthorized access device.

To act "with intent to defraud" means to act with the intent to deceive or cheat, usually for personal financial gain or to cause financial loss to someone else.

The heart of the crime is the intent to defraud. The Government does not have to prove that anyone was actually defrauded or deceived.

13

The term "interstate commerce" refers to any transaction or event that involves travel, trade, transportation or communication between a place in one state and a place in another state.

The term "foreign commerce" refers to any transaction or event that involves travel, trade, transportation or communication between a place in the United States and a place outside the United States.

The Government does not have to prove that the Defendant specifically intended to interfere with or affect interstate or foreign commerce. But the Government must prove that the natural consequences of the acts alleged in the indictment would be to affect interstate or foreign commerce.

**O40.3**
**Aggravated Identity Theft**
**18 U.S.C. § 1028A(a)(1)**

It's a Federal crime to commit aggravated identity theft.

The Defendant can be found guilty of aggravated identity theft only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly transferred, possessed, or used another person's means of identification;

(2)   without lawful authority; and

(3)   during and in relation to the eligible felony alleged in the indictment.

A "means of identification" is any name or number used, alone or together with any other information, to identify a specific person, including a name, social security number, date of birth, officially issued driver's license or identification number, alien registration number, passport number, employer or taxpayer identification number, or electronic identification number or routing code.  It can also include a fingerprint, voice print or other biometric data.

The Government must prove that the Defendant knew that the means of identification, in fact, belonged to another actual person, living or dead, and not a fictitious person.

The Government must prove that the Defendant knowingly transferred, possessed, or used another person's identity "without lawful authority."  The Government does not have to prove that the Defendant stole the means of identification.  The Government is required to prove the Defendant transferred, possessed, or used the other person's means of identification for an unlawful or illegitimate purpose.

The Government also must prove that the means of identification was possessed "during and in relation to" the crime alleged in the indictment.  The phrase "during and in relation to"

15

means that there must be a firm connection between the Defendant, the means of identification, and the crime alleged in the indictment.  The means of identification must have helped with some important function or purpose of the crime, and not simply have been there accidentally or coincidentally.  The means of identification at least must facilitate, or have the potential of facilitating, the crime alleged in the indictment.

**B9.2**
**On or About; Knowingly**

You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**S5**
**Note-taking**

You have been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security office will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-CR-20559-ALTANOGA**

**UNITED STATES OF AMERICA**

**vs.**

**JATAVIA SHAKARA JOHNSON,**

    **Defendant.**

_____/

## **VERDICT FORM**

We, the Jury, unanimously find the Defendant, JATAVIA SHAKARA JOHNSON, as to Count 1 of the Indictment:

GUILTY _____                    NOT GUILTY _____

We, the Jury, unanimously find the Defendant, JATAVIA SHAKARA JOHNSON, as to Count 2 of the Indictment:

GUILTY _____                    NOT GUILTY _____

We, the Jury, unanimously find the Defendant, JATAVIA SHAKARA JOHNSON, as to Count 3 of the Indictment:

GUILTY _____                    NOT GUILTY _____

We, the Jury, unanimously find the Defendant, JATAVIA SHAKARA JOHNSON, as to Count 4 of the Indictment:

GUILTY _____                    NOT GUILTY _____

22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-CR-20559-ALTANOGA**

**UNITED STATES OF AMERICA**

**vs.**

**JATAVIA SHAKARA JOHNSON,**

    **Defendant.**

_____/

**VERDICT FORM (Continued)**

    We, the Jury, unanimously find the Defendant, JATAVIA SHAKARA JOHNSON, as to Count 5 of the Indictment:

        GUILTY _____        NOT GUILTY _____

    We, the Jury, unanimously find the Defendant, JATAVIA SHAKARA JOHNSON, as to Count 6 of the Indictment:

        GUILTY _____        NOT GUILTY _____

    We, the Jury, unanimously find the Defendant, JATAVIA SHAKARA JOHNSON, as to Count 7 of the Indictment:

        GUILTY _____        NOT GUILTY _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-CR-20559-ALTANOGA**

**UNITED STATES OF AMERICA**

**vs.**

**JATAVIA SHAKARA JOHNSON,**

    **Defendant.**

_____/

**<u>VERDICT FORM (Continued)</u>**

    We, the Jury, unanimously find the Defendant, JATAVIA SHAKARA JOHNSON, as to

Count 8 of the Indictment:

           GUILTY _____           NOT GUILTY _____

           SO SAY WE ALL

           _____
           FOREPERSON OF THE JURY
           Dated: _____