**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-CR-20559-ALTONAGA**

**UNITED STATES OF AMERICA,**

**v.**

**JATAVIA SHAKARA JOHNSON,**

      **Defendant.**

_____/

## NOTICE OF INTENT TO OFFER EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)

The United States, by and through the undersigned Assistant United States Attorney, hereby files this notice of its intent to introduce, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"), evidence as to Defendant Jatavia Shakara Johnson (hereinafter, the "Defendant"). Specifically, the Government seeks to introduce at trial evidence of the Defendant's June 16, 2017 arrest for Identity Theft, Unauthorized Use of a Credit Card, and Retail Theft. This arrest demonstrates the Defendant's intent, knowledge, motive, plan, and absence of mistake or accident with respect to the charged offense.

### A. Introduction

As part of its Response to the Standing Discovery Order ("Response") [D.E. No. 13], the Government previously gave notice that all evidence made available to the Defendant through discovery, including evidence of the Defendant's past criminal arrest that has resulted in arrests and/or convictions, might be offered and relied upon pursuant to Rule 404(b). (Response at 2). Further, the evidence that the United States seeks to introduce under Rule 404(b) was produced to the Defendant on October 24, 2017. (Attachment A). The instant memorandum is intended to

provide additional notice and explanation as to the specific nature of the evidence, which the Government seeks to introduce under Rule 404(b), as well as the legal basis for its admission.

### B.  The Instant Offense

On September 3, 2016, the Defendant added herself to the Old Navy Visa credit card account number ending in -1235, issued to victim "R.E."   Victim R.E. lives in Ohio and has never been to Florida.   On September 3, 2016, at 5:56 PM, at a GAP in Miami, Florida, the Defendant purchased 12 items, totaling $304.54, using the credit card account ending in -1235.   Later that day, at 7:58 PM at a GAP in Doral, Florida, the Defendant purchased eight (8) items, totaling $710.23, using the credit card account number ending in -1235.[1]

On April 3, 2017, at 6:42 PM, at a GAP in Aventura, Florida, the Defendant purchased 20 items, totaling $683.41, using the credit card account number ending in -3504, belonging to Victim "C.C." Minutes later, at 6:45 PM, at the same GAP in Aventura, Florida, the Defendant purchased four (4) $500 gift cards, totaling $2000, using the credit card account number ending in -3504.  On April 4, 2017, at 2:10 PM, at a GAP in Hialeah, Florida, the Defendant purchased 8 items, including a $500 gift card, totaling $959.92, using the credit card account number ending in -3504. Less than an hour later, at 2:53 PM, at a GAP in Miami, Florida, the Defendant purchased 8 items, including two (2) $500 gift cards, totaling $1015.99, using the credit card account number ending in -3504.  Later that evening, at 8:48 PM, at a GAP in Miami, Florida, the Defendant purchased 7 items, including one (1) $500 gift card, totaling $1039.90, using the credit card account number ending in -1155, belonging to victim "P.H."

---

[1] Old Navy is owned by GAP.

Law enforcement spoke with victims R.E., C.C., and P.H.  All three victims confirmed that they do not know the Defendant and did not authorize the Defendant to possess or use their credit card account numbers.

### C. The Proposed 404(b) Evidence

On June 16, 2017, the Defendant fraudulently purchased a $900 gift card at Nordstrom Rack in King of Prussia, Pennsylvania using a Nordstrom credit card number belonging to victim "V.D."   Later that afternoon, the Defendant traveled to Nordstrom's, also in King of Prussia, Pennsylvania, where she used the gift card to make a purchase in the shoe department.  The Defendant completed the purchase and was detained by Nordstrom Loss Prevention.   The Defendant admitted that she bought the gift card at the Nordstrom Rack shortly before making the purchase at Nordstrom.  Subsequently, the Defendant was arrested by local law enforcement (17-12940, Upper Merion Township Police).

The applicable test for admissibility of evidence offered under Rule 404(b) has three prongs:  "First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act.  Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403."  *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).  Rule 404(b) is "a rule of inclusion, and . . . accordingly '404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case.'"  *Id.* (quoting *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994)).

The evidence from the Defendant's June 16, 2017 arrest easily meets the requirements of Rule 404(b).  *First*, the Defendant's arrest is relevant to the issue of knowledge.  Specifically, the

Defendant's knowledge that the credit card numbers belonged to other people and was unauthorized. *See Huddleston v. United States*, 485 U.S. 681, 685, (1988) ("Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."); *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998) (government may prove intent "by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue"). *Second*, the testimony from Michael Todd, Nordstrom's Loss Prevention Officer, and the documentary evidence he will provide would be sufficient for a reasonable jury to find that, on June 16, 2017, the Defendant committed Identity Theft, Unauthorized Use of a Credit Card, and Retail Theft. *See United States v. Hooshmand*, 931 F.2d 725, 736 (11th Cir. 1991) ("[Rule 404(b)] evidence is admissible only if the jury could reasonably find by a preponderance of the evidence that the defendant committed the extrinsic act."). *Third*, the proposed evidence passes the Rule 403 balancing test. *See United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995) ("While the strength of the government's case regarding intent is important in comparing probative value and prejudice, '[t]he greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice.'") (citations omitted). Indeed, the similarity of the acts by the Defendant in 2016 and 2017 strongly support the admission of Rule 404(b) evidence and ensures that the probative value of the evidence will not be substantially outweighed by its prejudicial effect. *See Huddleston*, 485 U.S. at 688–89. In both instances, the Defendant used a store credit card account number belonging to another person to purchase a store gift card.

For these reasons, the Government should be permitted to introduce evidence regarding the

Defendant's June 16, 2017 arrest for Identity Theft, Unauthorized Use of a Credit Card, and Retail

Theft.

                                                           Respectfully submitted,

                                                           BENJAMIN G. GREENBERG

                                                           ACTING UNITED STATES ATTORNEY

By:   */s/ Joshua S. Rothstein*
           Joshua S. Rothstein
           Assistant United States Attorney
           Court ID No. A5502111
           99 Northeast 4th Street
           Miami, Florida 33132-2111
           Tel: (305) 961-9208

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered via

electronic mail this 24th day of October, 2017 to counsel of record.


<u>/s/Joshua S. Rothstein</u>
Assistant United States Attorney